MAFALDA E. DAY *vs.* NORMAN DAY.

FEBRUARY 25, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for divorce. After a hearing it was denied and dismissed by a justice of the superior court, and the petitioner has duly prosecuted her bill of exceptions to this court.

Two grounds for divorce are alleged in the petition, but the only one relied on is that respondent had been guilty of gross misbehavior and wickedness repugnant to and in violation of the marriage covenant. In submitting her case petitioner relied on the oral testimony of herself, her sister, and the latter's husband.

The evidence from each of these witnesses in substance showed that soon after the parties returned from their honeymoon respondent made two successive trips to Canada ostensibly to transact business and to hunt. The witnesses all testified that, upon his return from the second trip, in their presence he stated among other things that he had there associated with a woman, to whom he had previously been attentive, and on that occasion had sexual relations with her. No other evidence was introduced in support of the ground relied on and the respondent did not present any evidence. In other words, petitioner's case rested entirely on the alleged admission of respondent that he was guilty of the charge upon which her petition was pressed. At the conclusion of the hearing her attorney asked the court "to hold this matter until I get some other substantiation." The record, however, does not show that any further evidence was produced.

In due course the trial justice filed a rescript in which he held in substance that petitioner's case was in effect the testimony of respondent himself without any proper corroboration. The rescript concluded as follows: "I accept as true the statement of each witness that respondent, in the presence of each, admitted unlawful sexual intercourse with another woman. I find that such evidence is insufficient to support the petition, not because it is not credible, but because it does not corroborate petitioner sufficiently, as a matter of law. The fact remains that if respondent actually visited with this woman as petitioner and her witnesses testified he so admitted, then there must be corroborative evidence of a better nature which can be produced."

No question of collusion between the parties is raised in this case. Therefore the provisions of general laws 1938, chapter 416, §4, do not apply. The question here, however, relates to the need and sufficiency of testimony to corroborate petitioner. The general rule on that point is set out in 3 Nelson, Divorce and Annulment (2d ed.), §26.13, p. 69, in the following language: "The rule is so common as to be practically uniform that a divorce proceeding, whether or not contested, cannot succeed unless the testimony of the complainant is corroborated in so far as possible and cannot be made out by admissions of the adverse spouse." See also 27 C.J.S., Divorce, §136 (2) (a), §137, pp. 730, 734; 17 Am. Jur., Divorce and Separation, §§384, 385, p. 337.

In *Saunders* v. *Saunders,* R. I., 136 A. 246, 247, this court in passing upon a divorce petition had occasion to consider the duties of a trial justice in a case of this kind. Among other pertinent observations we stated: "In hearings upon divorce petitions, the justices of the superior court are warranted in a very careful scrutiny of the evidence presented. Divorce proceedings may be regarded as sui generis. * * * And, in any case, if it appears that corroborating evidence exists, he may insist that such corroboration be furnished."

On the other hand, in connection with certain conditions and the need of furnishing corroborating testimony, the trial justice is given discretion by statute to grant a petition even though no such testimony is presented. Public laws 1939, chap. 707, section 1, amending G. L. 1938, chap. 416, §2, reads as follows: "Sec. 2 * * * Whenever the act or acts giving rise to the cause for divorce shall be such that in the nature of things the complaining party could not ordinarily produce corroborating testimony, the court may, in its discretion, if it is satisfied of the existence of the cause in question, the proof in other respects being satisfactory, grant the divorce on the testimony of the complaining party alone."

In the instant case it is clear that in the circumstances the

trial justice decided he should not exercise his discretion under section 1, *supra,* and grant the petition. On the contrary he felt that there was existing evidence which could be produced to corroborate the charge, at least by some other important circumstances, and under the authority of the *Saunders* case held in substance that there was insufficient evidence presented to warrant the granting of the petition. On the present record we cannot say that in so ruling he abused his discretion and therefore was in error.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Isidore Kirshenbaum, Max Levin,* for petitioner.

*Edwin B. Tetlow,* for respondent.